Ck # 1094

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2020 MAY 11  A 9:49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PAUL MCMULLIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINSON BRYANT INSURANCE AGENCY,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>3:20-cv-00314-RAH-SRW |

Paul McMullin ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against Defendant Robinson Bryant Insurance Agency ("Robinson Bryant" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendant's practice of making unsolicited debt collection robocalls to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.  On April 8, 2020, Mr. McMullin received the following pre-recorded voicemail from Defendant from the number 334-356-3665:

    Dear valued customers of Robinson Bryant Agency,

    I would like to thank you for your continued support of our agency. As we continue to navigate this trying time dealing with the COVID-19 coronavirus, our office will continue to work for you. Our office hours are from Monday through

Friday from 9 a.m. to 6 p.m., and on Saturday from 10 a.m. to 4 p.m. We are encouraging all of our clients to transact business over the telephone as much as possible. We are able to process payments, answer policy questions, process policy changes, and give insurance quotes. We offer other ways to communicate with us via our website at www.robinsonbyrant.com. That website again is www.robinsonbryant.com. There, you will find new agency updates and other contact information. In order to make payments, you must have a debit card, credit card, or a checking account. Once we process your payment, you will be given a confirmation number. If you have a money order, you can still drop off your money order at our office. We will just have to call you back with a confirmation number.

Our goal is to protect our customers and our associates. We will get past this, but we have to be smart and follow the advice of our medical experts. Thank you for being a Robinson Bryant customer, God bless, and thank you.

2. Mr. McMullin is not a Robinson Bryant customer, not has Mr. McMullin ever been a Robinson Bryant customer.

3. Mr. McMullin never gave Defendant consent to call him using a pre-recorded voice.

4. The unlawful calls placed to Plaintiff are part of Defendant's pattern or practice of calling consumers on their cellular telephones using an artificial or prerecorded voice who have no direct relationship with Defendant, and/or are not the proper subjects of the calls.

5. Defendant's calls violated the TCPA because Defendant placed these calls with an artificial or prerecorded voice.

6. Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted automated or pre-recorded voice calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

7. By making these automated calls, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption

of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

8. Furthermore, Defendant made the calls knowing they interfered with Plaintiff's and the other members of the Class's use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

9. Moreover, a number of the calls were made while Plaintiff and other members of the Class were at home, thus intruding upon the sanctity and privacy of their homes.

10. Upon information and belief, Defendant has made and continues to make similar calls to consumers without prior authorized consent, including persons who are not the true subject of Defendant's calls. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also repeatedly violated the TCPA.

11. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit on behalf of himself and the putative Class and seeks an injunction requiring Defendant to cease its TCPA violations, adequately ensure that it is only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

**PARTIES**

12. Plaintiff Paul McMullin is, and at all times mentioned herein was, a resident of Tuskeegee, Alabama, and a citizen of the State of Alabama.

13. Defendant Robinson Bryant Insurance Agency is a corporation organized and incorporated under the laws of Alabama and maintains, and at all times mentioned herein maintained, its corporate headquarters at 2931 Zelda Road, Montgomery, Alabama 36106. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

16. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District.

17. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and all other persons similarly situated.

19. Plaintiff propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) at any time in

4

the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

20. Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

21. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

22. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

23. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

24. The proposed Class can be easily identified through records maintained by Defendant.

25. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

    (a) Whether Defendant made calls to Plaintiff and the Class using an artificial or prerecorded call without their prior express written consent;

(b) Whether Defendant's conduct was knowing and/or willful;

(c) Whether Defendant is liable for damages, and the amount of such damages; and

(d) Whether Defendant should be enjoined from engaging in such conduct in the future.

26. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their cellular or landline telephones and were not the intended recipient of those calls, nor did they consent to those calls.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class and has no interests which are antagonistic to any member of the proposed Class.

28. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA.

30. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Class, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular or landline telephones.

32. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

33. Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. Plaintiff brings this claim against Defendant on behalf of himself, and members of the Class.

36. Defendant made unauthorized calls to the cellular or landline telephones of Plaintiff and members of the Class using an artificial or pre-recorded voice without prior express consent.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA.

38. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.*

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. Plaintiff brings this claim against Defendant on behalf of himself, and members of the Class.

43. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.* and 47 C.F.R. §§ 64.1200, *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

45. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

    (a) Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(b)      As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(c)      As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(d)      An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

(e)      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

(f)      Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 5, 2020            Respectfully submitted,

**LOCAL COUNSEL**

By: _____

**MORGAN & MORGAN**
Ike Gulas, ASB 0576 S82T
2031 Second Avenue North
Birmingham, AL 35203
Telephone: (205) 879-1234
Facsimile: (205) 879-1247

Email: igulas@forthepeople.com
lmorris@forthepeople.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*Pro hac vice forthcoming*)
Max S. Roberts (*Pro hac vice forthcoming*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com
mroberts@bursor.com

*Attorneys for Plaintiff*